Michael R. Reese (California State Bar No. 206773)
*mreese@reesellp.com*
**REESE LLP**
100 West 93rd Street, 16th Floor
New York, New York 10025
Telephone: (212) 643-0500

*(other counsel listed on signature page)*

*Attorneys for Plaintiff and the Class*

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHERYL GATOFF, individually and on behalf of all others similarly situated | ) Case No.: 24-cv-1868 |
| Plaintiff(s), | ) |
| vs. | ) **COMPLAINT** |
| | ) **CLASS ACTION** |
| BOAR'S HEAD PROVISIONS CO., INC., | ) |
| Defendant(s). | ) **JURY TRIAL DEMANDED** |

_____

- 1 -
CLASS ACTION COMPLAINT

Plaintiff, Sheryl Gatoff (hereinafter "Plaintiff"), individually and on behalf of all others similarly situated, by her attorneys, alleges the following upon information and belief, except for those allegations pertaining to Plaintiff, which are based on personal knowledge:

## NATURE OF THE ACTION

1.    This action seeks to remedy the deceptive and misleading business practices of Boar's Head Provisions Co., Inc. (hereinafter "Defendant") with respect to the manufacturing, marketing, and sale of Defendant's Boar's Head Brand Products throughout the state of California and throughout the United States (hereinafter the "Products"):

| CATEGORY | PRODUCT NAME | PURCHASED-BY DATES |
|---|---|---|
| Ham | All Natural Applewood Smoked Uncured Ham | All product purchased before 7/31/24 |
| Ham | All Natural Traditional Uncured Ham | All product purchased before 7/31/24 |
| Ham | BourbonRidge Uncured Smoked Ham | All product purchased before 7/31/24 |
| Ham | Brown Sugar & Spice Off the Bone Ham | All product purchased before 7/31/24 |
| Ham | Gourmet Pepper Brand Ham | All product purchased before 7/31/24 |
| Ham | Hickory Smoked Roast Uncured Ham | All product purchased before |

CLASS ACTION COMPLAINT

| | | 7/31/24 |
|---|---|---|
| Ham | Italian Cappy Ham | All product purchased before 7/31/24 |
| Ham | Hot Italian Cappy Style Ham | All product purchased before 7/31/24 |
| Ham | Extra Hot Italian Cappy Style Ham | All product purchased before 7/31/24 |
| Ham | Maple Glazed Roast Pork Loin | All product purchased before 7/31/24 |
| Ham | Peppenero Garlic Ham | All product purchased before 7/31/24 |
| Ham | Porchetta Roasted Seasoned Pork (Foodservice) | All product purchased before 7/31/24 |
| Ham | Roasted Pork | All product purchased before 7/31/24 |
| Ham | Rosemary & Sundried Tomato Ham | All product purchased before 7/31/24 |
| Ham | SmokeMaster Beechwood Smoked Ham | All product purchased before 7/31/24 |
| Ham | Sweet Slice Smoked Uncured Ham | All product purchased before 7/31/24 |

- 3 -

CLASS ACTION COMPLAINT

| Ham | Tavern Ham | All product purchased before 7/31/24 |
|---|---|---|
| Ham | Virginia Ham | All product purchased before 7/31/24 |
| Bologna | Pork & Beef Bologna | All product purchased before 7/31/24 |
| Bologna | 33% Lower Sodium Bologna | All product purchased before 7/31/24 |
| Bologna | Beef Bologna | All product purchased before 7/31/24 |
| Bologna | Beef Salami | All product purchased before 7/31/24 |
| Bologna | Garlic Bologna | All product purchased before 7/31/24 |
| Bologna | Head Cheese | All product purchased before 7/31/24 |
| Bologna | Strassburger Brand Liverwurst | All product purchased before 7/31/24 |
| Bologna | Liverwurst Pate | All product purchased before 7/31/24 |
| Bologna | Olive Terrine Loaf | All product purchased before |

- 4 -

CLASS ACTION COMPLAINT

| | | 7/31/24 |
|---|---|---|
| Bologna | Pickle & Pepper Terrine Loaf | All product purchased before 7/31/24 |
| Bologna | Spiced Ham | All product purchased before 7/31/24 |
| Bacon | Canadian Style Uncured Bacon | All product purchased before 7/31/24 |
| Bacon | Steakhouse Roasted Slab Bacon | All product purchased before 7/31/24 |
| Frankfurters | Uncured Pork & Beef Frankfurters | All product purchased before 7/31/24 |
| Frankfurters | Uncured Pork & Beef Frankfurters - Natural Casing | All product purchased before 7/31/24 |
| Frankfurters | Uncured Beef Frankfurters | All product purchased before 7/31/24 |
| Frankfurters | Uncured Beef Frankfurters- Natural Casing | All product purchased before 7/31/24 |
| Frankfurters | Uncured Cocktail Frankfurters | All product purchased before 7/31/24 |
| Frankfurters | Uncured Beef Knockwurst | All product purchased before 7/31/24 |

CLASS ACTION COMPLAINT

| | | |
|---|---|---|
| Sausage | Bratwurst | All product purchased before 7/31/24 |
| Sausage | Hot Smoked Uncured Sausage | All product purchased before 7/31/24 |
| Sausage | Uncured Kielbasa | All product purchased before 7/31/24 |
| Sausage | All Natural Chicken Sausage - Smoked Andouille | All product purchased before 7/31/24 |
| Old Country | Old Country Brand All Nat Uncured Smoked Ham | All product received before 7/31/24 |
| Old Country | Old Country Brand All Natural Uncured Ham | All product received before 7/31/24 |
| Old Country | Old Country Brand Beechwood Smoked Ham | All product received before 7/31/24 |
| Old Country | Old Country Brand BourbonRidge Smoked Ham | All product received before 7/31/24 |
| Old Country | Old Country Brand Brown Sugar & Spice Delight Off the Bone Ham | All product received before 7/31/24 |
| Old Country | Old Country Brand Cappy Brand Ham | All product received before 7/31/24 |
| Old Country | Old Country Brand Gourmet Pepper Ham | All product received before 7/31/24 |
| Old Country | Old Country Brand Habanero Ham | All product received before 7/31/24 |
| Old Country | Old Country Brand Rosemary Tomato Ham | All product received before 7/31/24 |

- 6 -

CLASS ACTION COMPLAINT

| Old Country | Old Country Brand Black Forest Ham | All product received before 7/31/24 |
|---|---|---|
| Old Country | Old Country Brand Canadian Style Bacon | All product received before 7/31/24 |
| Old Country | Old Country Brand Cappy Ham | All product received before 7/31/24 |
| Old Country | Old Country Brand Hot Butt Cappy Ham | All product received before 7/31/24 |
| Old Country | Old Country Brand Seasoned Fresh Ham | All product received before 7/31/24 |
| Old Country | Old Country Brand Sweet Slice Smoked Ham | All product received before 7/31/24 |
| Old Country | Old Country Brand Tavern Ham | All product received before 7/31/24 |

2.    Defendant has improperly, deceptively, and misleadingly labeled and marketed its Products to reasonable consumers, like Plaintiff, by omitting and not disclosing to consumers on its packaging that the Products are contaminated with Listeria monocytogenes.

3.    As described in further detail below, the Products contain *Listeria monocytogenes*, which could lead to serious and life-threatening adverse health consequences.[1]    The risk of serious infection is particularly concerning for pregnant

---

[1] *Listeria monocytogenes* is an organism which can cause serious and sometimes fatal infections in young children, frail or elderly people, and others with weakened immune systems. Although healthy individuals may suffer only short-term symptoms such as high fever, severe headache, stiffness, nausea, abdominal pain and diarrhea, listeria infection can cause miscarriages and stillbirths among pregnant women. *See*: https://www.cnn.com/2024/07/30/health/boars-head-recall-listeria/index.html

CLASS ACTION COMPLAINT

mothers, infants, the elderly, and immunocompromised individuals, who are highly susceptible to severe infection and even death from *Listeria monocytogenes*.[2]

4.     *Listeria monocytogenes* is responsible for causing the infection Listeria. Foodborne listeriosis is recognized to be one of the most dangerous and life-threatening foodborne diseases.[3]    High-risk groups for Listeria include pregnant women, infants, elderly, and immune compromised individuals, who have an elevated risk of developing severe symptoms, including death (the mortality rate is 20%-30%), making this bacteria a significant public health concern.[4]

5.     Consumers like the Plaintiff trust manufacturers such as Defendant to sell products that are safe and free from known harmful substances, including *Listeria monocytogenes*.

6.     Plaintiff and those similarly situated (hereinafter "Class Members") certainly expect that the meat products they purchase will not contain, or risk containing, any knowingly harmful substances that cause severe disease and even be life threatening.

7.     Unfortunately for consumers, like Plaintiff, the meat Products they purchased contain *Listeria monocytogenes*.

8.     Defendant is using a marketing and advertising campaign that omits from the packaging that the Products contain *Listeria monocytogenes*. Knowing of the presence of  *Listeria monocytogenes* is material to reasonable consumers. The presence of *Listeria monocytogenes* was solely within the possession of Defendant, and consumers could only obtain such information by conducting by sending the products off to a laboratory for extensive testing. This omission leads a reasonable

---

[2] *Id.*

[3] https://www.who.int/news-room/fact-sheets/detail/listeriosis

[4] *Id.*

CLASS ACTION COMPLAINT

consumer to believe they are not purchasing a product with a known bacterium when in fact they are purchasing a product contaminated with *Listeria monocytogenes*.

9.    *Listeria monocytogenes* is a species of pathogenic (disease-causing) bacteria, that causes the disease Listeria.  It is able to survive and even grow under refrigeration and other food preservation measures, making it a resilient and dangerous bacteria.[5]  As a matter of fact, the bacteria is also able to survive freezing, such as the similar storage temperature of Defendant's meat products.[6]

10.    Furthermore, the types of infection issues *Listeria monocytogenes* can cause include but is not limited to sepsis, meningitis, encephalitis, spontaneous abortion, or fever and even a healthy adult is susceptible to infection issues including gastroenteritis.[7]  Moreover, infection causes a 95% hospitalization rate and has a high case fatality rate of 20%, making *Listeria monocytogenes* infection quite dangerous.[8] In addition, studies have concluded that Listeriosis is associated with high early post-recovery mortality, further exacerbating the danger and difficulty of treating the infection even with early recovery.[9]

11.    A representative example of Defendant's lack of disclosure on the Products is depicted below:

[5] https://www.fda.gov/food/foodborne-pathogens/listeria-listeriosis
[6] https://www.mayoclinic.org/diseases-conditions/listeria-infection/symptoms-causes/syc-20355269
[7] https://www.ncbi.nlm.nih.gov/books/NBK534838/
[8] https://www.ncbi.nlm.nih.gov/pmc/articles/PMC5736668/
[9] https://link.springer.com/article/10.1007/s15010-022-01872-1

CLASS ACTION COMPLAINT



12.    Consumers like the Plaintiff trust manufacturers such as Defendant to sell products that are safe and free from harmful known substances, including Listeria monocytogenes.

13.    Plaintiff and those similarly situated (hereinafter "Class Members") certainly expect that the food products they purchase will not contain, or risk containing, any knowingly harmful substances that cause disease.

14.    Unfortunately for consumers, like Plaintiff, the food Products they purchased contained, or were at risk of containing, Listeria monocytogenes.

15.    Defendant's own recall and other testing confirmed and demonstrated the presence of Listeria monocytogenes in the Plaintiff's product.

CLASS ACTION COMPLAINT

**Defendant's Recall is Insufficient**

16.     Defendant issued a recall of its Products on July 25, 2024.[10]

17.     To be eligible for a refund, a consumer must retain the Products. "**Consumers are advised to discard any recalled products listed below or return them to the store where purchased for a full refund.** "[11]  This recall was deliberately designed to preclude the vast majority of consumers from receiving a recall.

18.     Defendant is well aware that any consumer who was made aware of the recall would be predisposed to throwing the Products away.  Defendant is also aware that consumers shop in multiple locations and may or may not purchase the Products at the same location each time.  Also, most consumers do not maintain receipts and therefore cannot obtain a refund at the purchase location for the recalled Products.

19.     Accordingly, Defendant's recall is designed to reach very few people and designed to benefit very few of the consumers who purchased the Products.

20.     The class action remedy is superior to Defendant's failed recall in every conceivable fashion.

21.     Defendant is using a marketing and advertising campaign that omits from the packaging that the Products contain Listeria monocytogenes.  This omission leads a reasonable consumer to believe they are not purchasing a product that contains Listeria monocytogenes when in fact they are purchasing a product contaminated with Listeria monocytogenes.

22.     Defendant's marketing and advertising campaign includes the one place that every consumer looks when purchasing a product – the packaging and labels themselves.   As such, a reasonable consumer reviewing Defendant's labels

---

[10] https://boarshead.com/pages/2024-07-30-july-2024-product-recall
[11] *Id.*

CLASS ACTION COMPLAINT

reasonably believes that they are purchasing products that are safe for oral ingestion and do not contain any harmful ingredients. Indeed, consumers expect the packaging and labels to accurately disclose the presence of such bacteria within the Products. Thus, reasonable consumers would not think that Defendant is omitting that the Products contain, or are at risk of containing, Listeria monocytogenes.

23.    Defendant's advertising and marketing campaign is false, deceptive, and misleading because the Products do contain, or risk containing, Listeria monocytogenes, which is dangerous to one's health and well-being. Nevertheless, Defendant does not list or mention Listeria monocytogenes anywhere on the Products' packaging or labeling.

24.    Defendant's misrepresentations and omissions of the safety of the Products and what is in the Products was material to Plaintiff and Class Members. Consequently, Plaintiff and Class Members lost the entire benefit of their bargain when what they received was a food product contaminated with Listeria monocytogenes that is harmful to consumers' health.

25.    That is because Defendant's Products containing, or at risk of containing *Listeria monocytogenes*, have no value, or at the very least, Defendant was able to charge significantly more for the Products than they would have had they not omitted the fact that the Products contain—or possibly contain--*Listeria monocytogenes*.

26.    As set forth below, food products, such as Defendant's Products, are in no way safe for human consumption and are entirely worthless.

27.    Alternatively, Plaintiff and Class Members paid a price premium for the Products based upon Defendant's marketing and advertising campaign including its false and misleading representations and omission on the Products' labels. Given that Plaintiff and Class Members paid a premium for the Products, Plaintiff and Class Members suffered an injury in the amount of the premium paid.

CLASS ACTION COMPLAINT

28.     Accordingly, Defendant's conduct violated and continues to violate, California law.  Defendant has also been unjustly enriched.

29.     Plaintiff brings this action against Defendant on behalf of herself and Class Members who purchased the Products during the applicable statute of limitations period (the "Class Period").

## FACTUAL BACKGROUND

30.     Defendant manufactures, markets, advertises, and sells food products.

31.     Consumers have become increasingly concerned about the effects of ingredients in products that they orally ingest.  Companies, such as Defendant, have capitalized on consumers' desire for food products, and indeed, consumers are willing to pay, and have paid, a premium for these products.

32.     Consumers lack the meaningful ability to test or independently ascertain or verify whether a product contains unsafe substances, such as Listeria monocytogenes, especially at the point of sale, and therefore must and do rely on Defendant to truthfully and honestly report what the Products contain or are at risk of containing on the Products' packaging or labels.

33.     The Products' packaging does not identify Listeria monocytogenes. Indeed, Listeria monocytogenes is not listed anywhere on the packaging, nor is there any warning about the inclusion (or even potential inclusion) of Listeria monocytogenes in the Products.  This leads reasonable consumers to believe the Products do not contain, and are not at risk of containing, Listeria monocytogenes.

34.     However, the Products contain, or are at risk of containing, Listeria monocytogenes.

35.     Defendant is a large and sophisticated corporation that has been in the business of producing, manufacturing, selling, and distributing food products for many years, including producing and manufacturing the contaminated Products.

CLASS ACTION COMPLAINT

36.     Defendant is in the unique and superior position of knowing the ingredients and raw materials used in the manufacturing of its Products and possesses unique and superior knowledge regarding the manufacturing process of the Products, the manufacturing process of the ingredients and raw materials the Products contain, and the risks associated with those processes, such as the risk of Listeria monocytogenes contamination, as well as the ability to test the Products for Listeria monocytogenes contamination prior to releasing the Products into the stream of commerce. Such knowledge is solely within the possession of Defendant.

37.     Accordingly, Defendant possesses superior knowledge regarding the risks involved in the production and manufacturing of its Products.  Such knowledge is not readily available to consumers like Plaintiff and Class Members.

38.     Defendant has a duty to provide consumers, like Plaintiff and Class Members, with accurate information about the contents of the Products.

39.     Therefore, Defendant's false, misleading, and deceptive omissions regarding the Products containing Listeria monocytogenes is likely to continue to deceive and mislead reasonable consumers and the public, as they have already deceived and misled Plaintiff and the Class Members.

40.     Defendant's misrepresentations and omissions were material and intentional because people are concerned with what is in the products that they orally ingest.  Consumers such as Plaintiff and the Class Members are influenced by the marketing and advertising campaign, the Products' labels, and the listed ingredients. Defendant knows that if they had not omitted that the Products contained Listeria monocytogenes, then Plaintiff and the Class would not have purchased the Products, or, at the very least, would not have paid nearly as much for the Products..

41.     Consumers rely on marketing and information in making purchasing decisions.

CLASS ACTION COMPLAINT

42.     By omitting that the Products include Listeria monocytogenes on the labels of the Products throughout the Class Period, Defendant knows that those omissions are material to consumers since they would not purchase a product that contained Listeria monocytogenes.

43.     Defendant's deceptive representations and omissions are material in that a reasonable person would attach importance to such information and would be induced to act upon such information in making purchase decisions.

44.     Defendant's misleading and deceptive misrepresentations and omissions are likely to continue to deceive and mislead reasonable consumers and the general public, as they have already deceived and misled Plaintiff and the Class Members.

45.     In making the misleading and deceptive representations and omissions described herein, Defendant knew and intended that consumers would pay a premium for a product marketed without Listeria monocytogenes over comparable products not so marketed.

46.     As an immediate, direct, and proximate result of Defendant's false, misleading, and deceptive representation and omission, Defendant injured Plaintiff and the Class Members in that they:

a.     Paid a sum of money for Products that were not what Defendant represented;

b.     Paid a premium price for Products that were not what Defendant represented;

c.     Were deprived of the benefit of the bargain because the Products they purchased was different from what Defendant warranted;

d.     Were deprived of the benefit of the bargain because the Products they purchased had less value than what Defendant represented; and

e.     Were denied the benefit of the properties of the Products Defendant promised.

- 15 -

CLASS ACTION COMPLAINT

51.    Had Defendant not made the false, misleading, and deceptive representations and omissions, Plaintiff and the Class Members would not have been willing to pay the same amount for the Products they purchased and/or Plaintiff and the Class Members would not have been willing to purchase the Products.

52.    Plaintiff and the Class Members paid for Products that do not contain Listeria monocytogenes.  Since the Products do indeed or possibly contain Listeria monocytogenes, the Products Plaintiff and the Class Members received were worth less than the Products for which they paid.

53.    Plaintiff and the Class Members all paid money for the Products; however, Plaintiff and the Class Members did not obtain the full value of the advertised Products due to Defendant's misrepresentations and omissions.  Plaintiff and the Class Members purchased, purchased more of, and/or paid more for, the Products than they would have had they known the truth about the Products. Consequently, Plaintiff and the Class Members have suffered injury in fact and lost money as a result of Defendant's wrongful conduct.

54.    Plaintiff and Class Members saw the Products' packaging prior to purchasing the Products.  Had Plaintiff and Class Members known the truth about the Products, i.e., that they do or possibly contain Listeria monocytogenes, they would not have been willing to purchase them at any price, or, at minimum would have paid less for them.

CLASS ACTION COMPLAINT

**JURISDICTION AND VENUE**

55.     This Court has subject matter jurisdiction under the Class Action Fairness Act, 28 U.S.C. section §1332(d) in that (1) this is a class action involving more than 100 class members; (2) Plaintiff is a citizen of California, and Defendant Boar's Head Provisions Co. Inc. is a citizen of Florida; and (3) the amount in controversy is in excess of $5,000,000, exclusive of interests and costs.

56.     This Court has personal jurisdiction over Defendant because Defendant conducts and transacts business in the state of California, contracts to supply goods within the state of California ork, and supplies goods within the state of California.

57.     Venue is proper because Plaintiff and many Class Members reside in the Central District of California, and throughout the state of California.  A substantial part of the events or omissions giving rise to the Classes' claims occurred in this district.

**PARTIES**

**Plaintiff**

58.     Plaintiff is a citizen and resident of Riverside County, California. During the applicable statute of limitations period, Plaintiff purchased and used Defendant's Products that possibly contained *Listeria monocytogenes*, including Products that were subject to the warning.  More specifically, during the class period Plaintiff purchased Boar's Head Beef Salami at an Albertson's Store in Palm Desert, California during the Class.  Prior to purchasing the Product, Plaintiff saw the packaging of the Product.

59.     Had Defendant not made the false, misleading, and deceptive representations and omissions regarding the contents of the Products, Plaintiff would not have been willing to purchase the Products or pay as much for the Products. Plaintiff purchased, purchased more of, and/or paid more for, the Products than she would have had she known the truth about the Products.  The Products Plaintiff

CLASS ACTION COMPLAINT

received were worthless because they possibly contained Listeria monocytogenes. Alternatively, Plaintiff paid a price premium based on Defendant's false, misleading, and deceptive misrepresentations and omissions. Accordingly, Plaintiff was injured in fact and lost money as a result of Defendant's improper conduct.

60. Plaintiff still wishes to purchase the Products and continues to see the Products at stores where she shops. She would purchase the Products in the future if, because of an injunction requiring Defendant to disclose dangerous bacterium when present, she could be assured by the absence of a disclosure that the Products no longer contained dangerous bacterium. But unless Defendant is enjoined in the manner Plaintiff requests, she may not be able to reasonably determine whether the contamination of the Products has been addressed by correcting it's unfair business practices.

61. Plaintiff's substantive right to a marketplace free of fraud, where she is entitled to rely with confidence on representations such as those made by Defendant, continues to be violated every time Plaintiff is exposed to the Products' labels.

**Defendant**

62. Defendant, Boar's Head Provisions Co. Inc. is a Florida company with its principal place of business in Sarasota, Florida.

63. Defendant manufactures, markets, advertises, and distributes the Products throughout the United States. Defendant created and/or authorized the false, misleading, and deceptive advertisements, packaging, and labeling of its Products.

CLASS ACTION COMPLAINT

## CLASS ACTION ALLEGATIONS

64.    Plaintiff brings this matter on behalf of herself and those similarly situated and seeks certification pursuant to Federal Civil Procedure Rules 23(a), 23(b)(2) and 23(b)(3).    As detailed at length in this Complaint, Defendant orchestrated deceptive marketing and labeling practices.  Defendant's customers were uniformly impacted by and exposed to this misconduct.  Accordingly, this Complaint is uniquely situated for class-wide resolution.

**Class Definition**

65.    The Class is defined as all consumers who purchased the Products anywhere in the United States during the Class Period.

66.    Plaintiff also seeks certification, to the extent necessary or appropriate, of a subclass of individuals who purchased the Products in the state of California at any time during the Class Period (the "California Subclass").

67.    The Class and California Subclass are referred to collectively throughout the Complaint as the Class.

68.    The Class is properly brought and should be maintained as a class action under Rule 23(a), satisfying the class action prerequisites of numerosity, commonality, typicality, and adequacy because:

69.    **Numerosity**: Class Members are so numerous that joinder of all members is impracticable.  Plaintiff believes that there are thousands of consumers in the Class and the California Class who are Class Members as described above who have been damaged by Defendant's deceptive and misleading practices.

70.    **Commonality**: The questions of law and fact common to the Class Members which predominate over any questions which may affect individual Class Members include, but are not limited to:

CLASS ACTION COMPLAINT

a.  Whether Defendant was responsible for the conduct alleged herein which was uniformly directed at all consumers who purchased the Products;

b.  Whether Defendant's misconduct set forth in this Complaint demonstrates that Defendant has engaged in unfair, fraudulent, or unlawful business practices with respect to the advertising, marketing, and sale of its Products;

c.  Whether Defendant made false and/or misleading statements and omissions to the Class and the public concerning the contents of its Products;

d.  Whether Defendant's false and misleading statements and omissions concerning its Products were likely to deceive the public; and

e.  Whether Plaintiff and the Class are entitled to money damages under the same causes of action as the other Class Members.

71.  **Typicality**: Plaintiff is a member of the Class.  Plaintiff's claims are typical of the claims of each Class Member in that every member of the Class was susceptible to the same deceptive, misleading conduct and purchased Defendant's Products.  Plaintiff is entitled to relief under the same causes of action as the other Class Members.

72.  **Adequacy**: Plaintiff is an adequate Class representative because her interests do not conflict with the interests of the Class Members she seeks to represent, her consumer fraud claims are common to all members of the Class, she has a strong interest in vindicating her rights, she has retained counsel competent and experienced in complex class action litigation, and counsel intends to vigorously prosecute this action.

73.  **Predominance**: Pursuant to Rule 23(b)(3), common issues of law and fact identified above predominate over any other questions affecting only individual

CLASS ACTION COMPLAINT

members of the Class.  The Class issues fully predominate over any individual issues because no inquiry into individual conduct is necessary; all that is required is a narrow focus on Defendant's deceptive and misleading marketing and labeling practices.  Likewise, under Rule 23(b)(3), a class action is superior to the other available methods for the fair and efficient adjudication of this controversy because:

a.  The joinder of thousands of individual Class Members is impracticable, cumbersome, unduly burdensome, and a waste of judicial and/or litigation resources;

b.  The individual claims of the Class Members may be relatively modest compared with the expense of litigating the claims, thereby making it impracticable, unduly burdensome, and expensive—if not totally impossible—to justify individual actions;

c.  When Defendant's liability has been adjudicated, all Class Members' claims can be determined by the Court and administered efficiently in a manner far less burdensome and expensive than if it were attempted through filing, discovery, and trial of all individual cases;

d.  This class action will promote efficient, expeditious, and appropriate adjudication and administration of Class claims;

e.  Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude their maintenance as a class action;

f.  This class action will assure uniformity of decisions among Class Members;

g.  The Class is readily definable and prosecution of this action as a class action will eliminate the possibility of repetitious litigation;

CLASS ACTION COMPLAINT

h.  Class Members' interests in individually controlling the prosecution of separate actions is outweighed by their interest in efficient resolution by a single class action; and

i.  It would be desirable to concentrate in this single venue the litigation of all Class Members who were induced by Defendant's uniform false advertising to purchase its Products.

74.    Accordingly, this Class is properly brought and should be maintained as a class action under Rule 23(b)(3) because questions of law or fact common to Class Members predominate over any questions affecting only individual members, and because a class action is superior to other available methods for fairly and efficiently adjudicating this controversy.

75.    **Notice**:    For those class members for which Defendant has a mailing address, notice shall be sent via direct notice.  For all other class members, notice shall be provided by publication notice.

CLASS ACTION COMPLAINT

# CLAIMS

## COUNT I
### Violations of the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, *et seq.* (On Behalf of Plaintiff and the California Subclass)

76.    Plaintiff repeats and re-alleges all previous paragraphs as if fully included herein.

77.    Defendant is a "person" as defined by Cal. Bus. & Prof. Code § 17201.

78.    Plaintiff Class Members who purchased Defendant's Products suffered an injury by virtue of buying products in which Defendant omitted the Products' true quality, reliability, safety, and use. Had Plaintiff and Class Members known that Defendant materially misrepresented the Products and/or omitted material information regarding the Products, they would not have purchased the Products.

79.    Defendant's conduct, as alleged herein, violates the laws and public policies of California and the federal government, as set out in this complaint.

80.    There is no benefit to consumers or competition by allowing Defendant to deceptively label, market, and advertise its Products.

81.    Plaintiff and Class Members who purchased Defendant's Products had no way of reasonably knowing that the Product was deceptively packaged, marketed, advertised, and labeled, was not safe for human consumption, and was unsuitable for its intended use as a food. Thus, Plaintiff and California Class Members could not have reasonably avoided the harm they suffered.

82.    Specifically, Defendant wrongfully omitted the fact that the Products were contaminated with Listeria monocytogenes.

83.    The central function of the Products is to provide nutrition and sustenance to purchasers.  The omission of the fact that the Products contained Listeria monocytogenes goes directly to this central function of the Products and

- 23 -
CLASS ACTION COMPLAINT

renders the Products incapable of serving their central function.

84.    The presence of Listeria monocytogenes in the Products renders them adulterated and misbranded and in violation of the UCL.

85.    The Products are not nutritious, healthy, or safe for human consumption, and therefore is of an inferior quality and trustworthiness compared to other products in the industry.

86.    The gravity of the harm suffered by Plaintiff and Class Members who purchased Defendant's Products outweigh any legitimate justification, motive or reason for packaging, marketing, advertising, and labeling the Products in a deceptive and misleading manner. Accordingly, Defendant's actions are immoral, unethical, unscrupulous and offend the established public policies as set out in federal regulations and are substantially injurious to Plaintiff and California Class Members.

87.    The above acts of Defendant in disseminating said misleading and deceptive statements to consumers throughout the state of California, including to Plaintiff and Class Members, were and are likely to deceive reasonable consumers by obfuscating the true nature of Defendant's Products and thus were violations of Cal. Bus. & Prof. Code §§ 17500, *et seq*.

88.    Defendant has violated the UCL's proscription against engaging in unlawful business practices as a result of its violations of California's False Advertising Law, in addition to violations of common law.

89.    Defendant has also violated the UCL's proscription against engaging in unfair business practices. Defendant's acts, omissions, misrepresentations, practices and non-disclosures as alleged herein also constitute "unfair" business acts and practices within the meaning of Business & Professions Code § 17200 *et seq*. in that its conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous as the gravity of the conduct

CLASS ACTION COMPLAINT

outweighs any alleged benefits attributable to such conduct.

90.    Defendant has further violated the UCL's proscription against engaging in fraudulent business practices. Defendant's claims, nondisclosures and misleading statements with respect to the Products, as more fully set forth above, were false, misleading and/or likely to deceive the consuming public within the meaning of Business & Professions Code § 17200.

91.    Plaintiff and the other Class Members suffered a substantial injury by virtue of buying the Products that they would not have purchased absent Defendant's unlawful, fraudulent, and unfair marketing, advertising, packaging, and omission about the defective nature of the Products.

92.    Plaintiff seeks an order enjoining Defendant from continuing to conduct business through fraudulent or unlawful acts and practices and to commence a corrective advertising campaign.

93.    Defendant's conduct is ongoing and continuing, such that prospective injunctive relief is necessary, especially given Plaintiffs' desire to purchase the Products in the future if they can be assured that the Products are properly labeled.

94.    Additionally, Plaintiff seeks restitution if monetary damages are not available. Indeed, restitution under the UCL can be awarded in situations where the entitlement to damages may prove difficult. But even if damages were available, such relief would not be adequate to address the injury suffered by Plaintiff and other Class Members. Unlike damages, the Court's discretion in fashioning equitable relief is very broad. Thus, restitution would allow recovery even when normal consideration associated with damages would not.

95.    On behalf of the Class, Plaintiff also seeks an order for the restitution of all monies from the sale of the Products, which were unjustly acquired through acts of fraudulent, unfair, or unlawful competition.

CLASS ACTION COMPLAINT

## COUNT II
### Violation of the California False Advertising Law ("FAL")
### California Business and Professions Code §§ 17500, *et seq.*
### (On Behalf of Plaintiff and the California Subclass)

96.     Plaintiff brings this count on behalf of herself and the California Class and repeats and re-alleges all previous paragraphs as if fully included herein.

97.     The conduct described herein took place within the State of California and constitutes deceptive or false advertising in violation of California Business and Professions Code § 17500.

98.     The FAL provides that "[i]t is unlawful for any person, firm, corporation or association, or any employee thereof with intent directly or indirectly to dispose of real or personal property or to perform services" to disseminate any statement "which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading." Cal. Bus. & Prof. Code § 17500.

99.     Specifically, Defendant wrongfully omitted the fact that the Products were contaminated with Listeria monocytogenes.

100.   The central function of the Products is to provide nutrition and sustenance to purchasers.  The omission of the fact that the Products contained Listeria monocytogenes goes directly to this central function of the Products and renders the Products incapable of serving their central function.

101.   The presence of Listeria monocytogenes in the Products renders them adulterated and misbranded and in violation of the FAL.

102.   The Products are not nutritious, healthy, or safe for human consumption, and therefore is of an inferior quality and trustworthiness compared to other products in the industry.

103.   At the time of its misrepresentations, Defendant was aware that

- 26 -

CLASS ACTION COMPLAINT

Products contained Listeria monocytogenes, which no reasonable consumer would expect would be in products with the Nutrition Representations, or was aware that it lacked the information and/or knowledge required to make such a representation truthfully. Defendant concealed and omitted and failed to disclose this information to Plaintiff and California Class Members.

104. Defendant's descriptions of the Products were false, misleading, and likely to deceive Plaintiff and other reasonable consumers.

105. Defendant's conduct therefore constitutes deceptive or misleading advertising.

106. Plaintiff has standing to pursue claims under the FAL as she reviewed and relied on Defendant's packaging, advertising, representations, and marketing materials regarding the Products when selecting and purchasing the Products.

107. In reliance on the statements made in Defendant's advertising and marketing materials and Defendant's omissions and concealment of material facts regarding the quality and use of the Products, Plaintiff and California Class Members purchased the Products.

108. Had Defendant disclosed the true nature of the Products, Plaintiff and California Class Members would not have purchased the Products or would have paid substantially less for it.

109. Plaintiff seeks an order enjoining Defendant from continuing to conduct business through fraudulent or unlawful acts and practices and to commence a corrective advertising campaign.

110. Defendant's conduct is ongoing and continuing, such that prospective injunctive relief is necessary, especially given Plaintiff desire to purchase the Products in the future if they can be assured that the Products are properly labeled.

111. Additionally, Plaintiff seeks restitution if monetary damages are not available. Indeed, restitution under the FAL can be awarded in situations where the

CLASS ACTION COMPLAINT

entitlement to damages may prove difficult. But even if damages were available, such relief would not be adequate to address the injury suffered by Plaintiff and the Class. Unlike damages, the Court's discretion in fashioning equitable relief is very broad. Thus, restitution would allow recovery even when normal consideration associated with damages would not.

112.    On behalf of the Class, Plaintiff also seeks an order for the restitution of all monies from the sale of the Products, which were unjustly acquired through acts of fraudulent, unfair, or unlawful competition.

<u>**COUNT IV**</u>
**UNJUST ENRICHMENT**
**(On Behalf of Plaintiff and the Nationwide Class)**

113.    Plaintiff repeats and re-alleges all previous paragraphs as if fully included herein.

114.    Defendant's financial benefits resulting from its unlawful and inequitable conduct are economically traceable to Plaintiff's and Class Members' purchases of the Products, and the economic benefits conferred on Defendant are a direct and proximate result of its unlawful and inequitable conduct.

115.    It would be inequitable, unconscionable, and unjust for Hershey to be permitted to retain these economic benefits because the benefits were procured as a direct and proximate result of its wrongful conduct.

116.    As a result, Plaintiff and Class Members are entitled to equitable relief including restitution and/or disgorgement of all revenues, earnings, profits, compensation and benefits which may have been obtained by Hershey as a result of such business practices.

CLASS ACTION COMPLAINT

## JURY DEMAND

Plaintiff demands a trial by jury on all issues.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of herself and the Class, prays for judgment as follows:

(a) Declaring that this action is properly maintained as a class action, certifying the proposed Classes, appointing Plaintiffs as Class Representatives and appointing Plaintiffs' counsel as Class Counsel;

(b) Directing that Defendant bear the costs of any notice sent to the Classes;

(c) Compelling Defendant to cease its unfair business practices;

(d) Ordering Defendant to pay restitution to Plaintiffs and the Classes;

(e) A jury trial and damages according to proof;

(f) Awarding actual damages to Plaintiffs and the Classes;

(g) Awarding Plaintiffs and members of the Classes statutory damages, as provided by the applicable state consumer protection statutes invoked above;

(h) Awarding attorneys' fees and litigation costs to Plaintiffs and members of the Classes;

(i) Civil penalties, prejudgment interest and punitive damages as permitted by law; and

(j) Ordering such other and further relief as the Court deems just and proper.

CLASS ACTION COMPLAINT

Respectfully submitted,

Dated: August 26, 2024

**REESE LLP**

*/s/ Michael R. Reese*
Michael R. Reese (Cal. SBN 206773)
100 West 93rd Street, 16th Floor
New York, New York 10025
Tel: (212) 643-0500
*mreese@reesellp.com*

**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN PLLC**
Trenton R. Kashima (Cal. SBN No. 291405)
402 West Broadway St., Suite 1760
San Diego, California 92101
Tel: (619) 810-7047

Nick Suciu III
6905 Telegraph Road, Suite 115
Bloomfield Hills, Michigan 48301
Tel: (313) 303-3472
*nsuciu@milberg.com*

**LEEDS BROWN LAW**
Jeffrey K. Brown
One Old Country Road, Suite 347
Carle Place, New York 11514
Telephone: (516) 873-9550
*jbrown@leedsbrownlaw.com*

**SULTZER & LIPARI, PLLC**
Jason P. Sultzer, Esq.
Philip J. Furia, Esq.
85 Civic Center Plaza, Suite 200
Poughkeepsie, NY 12601
Tel: (845) 483-7100
*sultzerj@thesultzerlawgroup.com*
*furiap@thesultzerlawgroup.com*

- 30 -

CLASS ACTION COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Charles E. Schaffer
**LEVIN SEDRAN & BERMAN LLP**
510 Walnut Street, Suite 500
Philadelphia, Pennsylvania 19106-3697
Tel: (215) 592-1500
 *CSchaffer@lfsblaw.com*


*Counsel for Plaintiff and the Class*

- 31 -
CLASS ACTION COMPLAINT